UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 11-0107** |
| v. | * | **SECT. B(2)** |
| **MURRAY A. ROTH, JR.** | * | **JUDGE LEMELLE** |
| | * | **MAG. WILKINSON** |

UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

I.   Introduction and summary of the argument

**MAY IT PLEASE THE COURT:** Defendant, Murray A. Roth, Jr., has opposed the United States' pending motion for summary judgment, claiming that he needs discovery before he can demonstrate the existence of any genuine disputes of material fact. Rec. Doc. 13 (Roth opposition). Roth has failed to satisfy the standard of Fed. R. Civ. P. 56(d); therefore, the Court should deny Roth's request for discovery and grant the United States' motion.

II.   Facts and procedural background

This case is for recovery of a defaulted student loan and promissory note. Rec. Docs. 1 (United States' complaint) & 12 (United States' motion for summary judgment). The United States

1

has produced Roth's original promissory note and a sworn certificate of indebtedness, outlining his original principal balance, pre-suit payment credits, and accrued interest. Rec. Doc. 12-4.

In opposition to the United States' motion, Roth fails to submit any declarations, affidavits, or documentary evidence to prove a genuine dispute over a material fact, but instead claims that discovery is needed before he can marshal a defense to the United States' present motion. Rec. Doc. 13. Specifically, Roth claims that discovery is needed regarding "the specific amount and dates of all payments made" on his debt, and "when defendant was given formal notice of [his] default." *Id.* at pp. 2-4.

### III. Argument

#### 1. Standard of review

"The summary judgment rule does not require that any discovery take place before summary judgment can be granted." *United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997). "If a party cannot adequately defend such motion, Fed. R. Civ. Pro. 56(f) provides for a continuance for further discovery." *Id.*[1] "Because the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify his entitlement to the shelter of rule 56(f)... ." *Sec. and Ex. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)

For a party to be entitled to relief under Rule 56(d), it must show "both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). "The party may not rely on vague assertions that additional discovery will produce needed, but

---

[1] Since 2010, Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 (2010 Rev. Comment (d)).

2

unspecified facts in opposition to summary judgment." *Id.* (*quoting Access Telecom Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999)); *see also Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991) ("In the context of a summary judgment motion, vague assertions of the need for additional discovery are as unavailing as vague responses on the merits"). Rather, the party making the rule 56(d) motion must "demonstrate to the district court specifically how the requested discovery pertains to the pending motion." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1156 (5th Cir. 1993). That is to say, a rule 56(d) movant is "required to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials w[ill] assist him in opposing summary judgment." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993).

A rule 56(d) motion is committed to the discretion of the district court. *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995).

### 2. Roth has not demonstrated his need for discovery.

Roth first claims that "substantial discovery is required to determine the specific amount and dates of all payments made" before the United States filed suit. Rec. Doc. 13 at p. 2; *see also id.* at p. 3 ("[D]efendant is certainly entitled to engage in discovery to determine the exact amount that has been paid on the alleged obligation."). The United States' summary-judgment materials indicate in a sworn declaration that a total of $5,114.40 has been credited towards Roth's debt before suit was filed. Rec. Doc. 12-4. If Roth believes he is entitled to greater credits, then Roth himself should be able to presently provide such documentation to the Court, since any money credited towards the debt would have come from Roth, or been paid on his behalf. Conversely, if Roth has paid less than $5,114.40 towards his debt, than any such miscalculation benefits Roth and, thus, is no justification

to delay summary judgment. In short, Roth has failed to articulate to the Court under Rule 56(d) why discovery is needed from the United States in order to demonstrate that he is entitled to greater payment credits than what the United States has thus far made.[2]

Roth also indicates that discovery is needed to determine "whether and when defendant was given formal notice of default." Rec. Doc. 13 at p. 2. Importantly, Roth failed to produce any summary-judgment evidence suggesting he was not in default on his loan obligation. Rather, Roth only speculates regarding whether discovery might reveal whether and when he was *informed* of the default. In that sense, any such discovery would not be material to the Court's determination on summary judgment. Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Roth has failed to identify any law to suggest that pre-suit notice of default is a prerequisite to recovery on a defaulted promissory note and loan. Thus, discovery on those immaterial facts will not preclude an otherwise supported motion for summary judgment.

## IV. Conclusion

For these reasons, the Court should deny Roth's request for discovery and grant the United States' motion for summary judgment.

---

[2] Another section of this Court rejected a similar request for a continuance of summary judgment in an analogous procedural posture. *See United States v. Bright*, #11-1518 (E.D. La.), Sect. F(3) at Rec. Doc. 14 at p. 1, n.1 (attached at ex. 1.).

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

*/s/ Peter M. Mansfield*
PETER M. MANSFIELD (#28671)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130
Telephone:  (504) 680-3047
Facsimile: (504) 680-3184
Email: *Peter.Mansfield@usdoj.gov*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first-class United States mail, postage prepaid on this 19th day of December, 2011.

*/s/ Peter M. Mansfield*