UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO. 11-107

MURRAY A. ROTH, JR.                         SECTION "B"(2)

**ORDER AND REASONS**

Before the Court is the Motion for Summary Judgment by Plaintiff United States of America (Rec. Doc. No. 12), opposed by Defendant Roth (Rec. Doc. No. 13). For the following reasons, **IT IS ORDERED** that the Motion is **GRANTED.**

The United States brought this action alleging that Defendant Roth defaulted on his student loan obligation and owes the Government $123,995.28 in principal and interest, plus interest that continues to accrue. (Rec. Doc. No. 1). Roth denied all allegations of his default and indebtedness, and asserted the affirmative defenses of accord and satisfaction, transaction and compromise, and statute of limitations and/or prescription. (Rec. Doc. No. 10).

The United States contends that in 1995, Defendant Roth executed a promissory note to secure a student loan consolidation loan, guaranteed by the Department of Education, and defaulted on payment of the note in 1997. The Government now seeks repayment of the loan.

Defendant Roth argues that he was never given formal notice of default. Defendant argues further that summary judgment would be

1

premature because, with discovery yet incomplete, he cannot determine the specific amount and dates of payments made on the alleged obligation.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby,*

2

*Inc.*, 477 U.S. 242, 248 (1986). However, if the respondent shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may defer consideration of or deny the motion, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). Rule 56(d) motions are generally favored and should be liberally granted. *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). The rule is designed to safeguard against premature or improvident grants of summary judgment. *Equipment Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931 (E.D.La. 2011), citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). The nonmoving party invoking Rule 56(d) must show how additional discovery will defeat a summary judgment motion, that is, will create a genuine dispute of material fact. *Equipment Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931 (E.D. La. 2011).

The Defendant has not sufficiently supported his argument that summary judgment would be premature. He has not submitted an affidavit or declaration, as required by Rule 56(d). Moreover, he has not shown how additional discovery would defeat the motion by creating a genuine issue of material fact. Indeed, no disclosures or discovery to be received from the Government should be required for Roth to substantiate the amount and dates of payments made, when it was Roth himself who would have made the payments. "[S]uits

3

to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Colony Creek, Ltd. V. Resolution Trust Corp.*, 941 F.2d 1323, 1325 (5th Cir. 1991); *FDIC v. Salaiden Builders, Inc.*, 973 F.2d 1249, 1253-54 (5th Cir. 1992). The instant motion is thus ripe for decision.

To recover on a promissory note, the Government must establish that: (1) Roth signed the note; (2) the Government is the current owner or holder of the note; and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). Where, as here, the Government submits record evidence discharging its summary judgment burden on its prima facie case,[1] the burden shifts to Roth to establish the nonexistence, extinguishment, or variance in payment of the obligation. *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *United States v. Ward*, No. 92-1786, 1992 WL 373557 at *2 (E.D.La. 12/7/92); *United States v. Bertucci*, No. 00-78, 2000 WL 1234560 at *2 (E.D.La. 5/30/2000). In the absence of such proof, summary judgment in favor of the United States is appropriate.

New Orleans, Louisiana, this 21st day of March, 2012.

_____

UNITED STATES DISTRICT JUDGE

---

[1] The Government submits the sworn certificate of indebtedness, as well as the promissory note signed by Roth.

4